HERBERT A. THOMPSON, Plaintiff *v.* PETER KLOS, Defendant.

Supreme Court, Rockland County, February 2, 1943.

*Lexow & Jenkins* for plaintiff.

*Harold Y. MacCartney* for defendant.

PATTERSON, J. Motion for an order to take the deposition of a witness, who is in the military service, before trial.

It is conceded that the witness sought to be examined is a material witness, that he is in the military service, and that he is home on leave from time to time. The cause has been transferred to the Military Suspense Calendar by reason of the military service of the witness.

It is true that he is a witness who is without the State, and that there are reasonable grounds to believe that he may not

be able to attend the trial within the meaning of the statute. I am therefore inclined to grant the motion and take his testimony as a witness because of the possibility that eventually he will not be able to attend the trial.

However, it appears from plaintiff's moving papers that he proposes, after the witness's testimony has been taken, to endeavor to have the cause restored to the General Calendar on the theory that the testimony of the witness is no longer unavailable because of his military service. This of course is up to the trial court.

In this connection, the Appellate Division has adopted a rule providing for the transfer of a case to the Military Suspense Calendar where a material witness is unavailable because of military service (Rules of Appellate Division, Second Department, Special Rule, adopted May 26, 1941). The reading of the deposition of a witness not personally present is not an adequate substitute for his direct examination and cross-examination in person at the trial.

Therefore, while the motion to examine is granted, this shall in no sense be considered as indicating that a motion will be later entertained to restore the case to the General Calendar by reason of the fact that the witness's testimony has been reduced to written deposition.